RESOLUCIÓN
Examinada la comunicación del 24 de septiembre de 2014 que envió a este Tribunal el Ledo. Carlos J. López Feliciano, se ordena a la Directora Administrativa de los Tribunales que, dentro de un término de cinco (5) días contados a partir de la notificación de la presente Resolución, muestre causa por la cual, en conformidad con las Reglas de Disciplina Judicial, 4 LPRA Ap. XV-B, no deba notificárseles al licenciado López Feliciano y a los jueces de apelaciones Sixto Hernández Serrano y Olga Birriel Cardona, los resultados de la investigación sobre la queja presentada por estos contra el juez Carlos I. Candelaria Rosa en el caso Pueblo v. Héctor Cordero Cruz, J SC2008G-0337.

Notifíquese inmediatamente por correo electrónico, fax, teléfono, por la vía ordinaria y personalmente a través de la Oficina de Alguaciles de este Tribunal.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado Señor Martínez Torres emitió un voto de conformidad, al que se unió el Juez Asociado Señor Feliberti Cintrón. La Jueza Asociada Señora Pabón Charneco emitió un voto particular de con *626 formidad, al que se unió el Juez Asociado Señor Rivera García. La Jueza Presidenta Señora Fiol Matta emitió un voto particular disidente. La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular disidente. La Jueza Asociada Oronoz Rodríguez disintió y emitió la ex-presión siguiente:
La Jueza Asociada Oronoz Rodríguez disiente enérgicamente del curso de acción de una mayoría de este Tribunal por los fundamentos jurídicos expresados por la Jueza Presidenta Señora Fiol Matta en su voto particular disidente. Enfatiza, además, que la facultad de administrar la Rama Judicial yace única y exclusivamente en la Jueza Presidenta y en la Directora de la Oficina de Administración de los Tribunales (OAT), quien es nombrada por, y responde a, la primera. Véase Art. V, Sec. 7, Const. ELA, LPRA, Tomo 1. Véase, además, Art. 2.012 de la Ley Núm. 201-2003, según enmendada, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 LPRA sec. 24j. Entiende que este nefasto proceder no solo es una intromisión indebida con las facultades de la Jueza Presidenta, sino que además es una actuación ultra vires. Peor aún, la Resolución emitida es totalmente improcedente. En primer lugar, el Pleno de este Tribunal no tiene autoridad para emitir esta Resolución debido a que no hay caso o controversia pendiente ante este Foro que así lo justifique. Una mayoría de este Tribunal utiliza indebidamente el mecanismo de la Resolución para responder a una carta que el Ledo. Carlos J. López Feliciano le dirigió a la Hon. Fiol Matta en su capacidad de Jueza Presidenta. En segundo lugar, la solicitud del licenciado López Feliciano se tornó académica, pues la Jueza Presidenta ejerció oportunamente su facultad constitucional al ordenarle a la OAT que enviara copia del informe de la investigación y sus anejos al letrado y a quienes fueron sus compañeros de panel en el Tribunal de Apelaciones.
El Juez Asociado Señor Kolthoff Caraballo y el Juez Asociado Señor Estrella Martínez no intervinieron.
(Fdo.) Camelia Montilla Alvarado

Secretaria del Tribunal Supremo Interina

*627 Voto de conformidad emitido por el
Juez Asociado Señor Martínez Torres, al que se unió el Juez Asociado Señor Feliberti Cintrón.
La Constitución de Puerto Rico es clara en que el Poder Judicial lo ejercerá el Tribunal Supremo y no solamente su Jueza Presidenta. Art. V, Sec. 1, Const. PR, LPRA, Tomo 1. La Jueza Presidenta es la encargada de dirigir la administración de los tribunales, pero siguiendo las reglas que para ello apruebe el Tribunal Supremo en pleno, no solamente la Jueza Presidenta. Art. V, Sec. 7, Const. PR, supra. Véase, en general, In re Aprob. Rs. y Com. Esp. Ind., 184 DPR 575 (2012).
Podríamos reglamentar sin más trámite sobre el asunto que nos plantea el exjuez Carlos López Feliciano. Sin embargo, como política de sana administración pública, es sabio pedirle a la Directora de la Oficina de Administración de Tribunales cuál es su parecer.
Lo que es lamentable y vergonzoso es que haya integrantes de este Tribunal que desconozcan la diferencia básica entre las funciones cuasilegislativas que tiene este Tribunal para reglamentar y las funciones adjudicativas que ejercemos cada vez que resolvemos un caso. Esa distinción es un principio básico de derecho. Por eso no es necesario que exista un caso ante este Tribunal para que reglamentemos un asunto. Más aún, es nuestro deber hacerlo si advertimos una laguna o una interpretación de un reglamento que puede dejar desprotegida a una persona.
En fin, de lo que se trata es de utilizar nuestras facultades constitucionales de reglamentar la administración de esta Rama, con el único propósito de que marche bien la tarea judicial. El rol constitucional de la Jueza Presidenta como administradora de los tribunales no es la controversia.
En momentos como los que vivimos hoy no podemos visualizarnos como esfinges, es decir, como figuras inmóviles *628 en pose eterna de genuflexión. En su lugar, procede una actitud de colaboración activa, aprobando normas de transparencia que ayuden a la Rama Judicial a ganarse la confianza del Pueblo. Oponerse a eso es obstaculizar ese esfuerzo y perjudicar el interés público. Es momento de tener voluntad y no de poner excusas. Por eso, voto conforme con la Resolución del Tribunal para que la Directora de la Oficina de Administración de Tribunales se exprese.
Voto particular de conformidad emitido por la
Jueza Asociada Señora Pabón Charneco, al cual se une el Juez Asociado Señor Rivera García.
Ante la situación en que se encuentra la Rama Judicial, los miembros de este Tribunal tenemos dos alternativas. La primera, y la que parecen adoptar los votos disidentes, es la del silencio y la continuación del sistema “más de lo mismo” que fomenta lo que algunos medios de comunicación han llamado “la dimensión desconocida” de la Oficina de Administración de los Tribunales (OAT).(1) La segunda, y la que adopta una Mayoría del Tribunal, es la de promover y emprender nuevos caminos e instaurar el principio de transparencia en todas las labores de la Rama Judicial. Por entender que ese es el camino correcto, estoy conforme con la determinación de emitir una Orden de Mostrar Causa a la Directora Administrativa de los Tribunales.
Como ya he expresado en otras ocasiones, ante la coyuntura en que se encuentra la Rama Judicial, el inmovilismo no es una opción. Por eso lamento que algunos compañeros se refugien en argumentos burocráticos para no atender esta situación de manera eficiente. Ante el pedido que rea *629 lizó directamente a este Tribunal el Ledo. Carlos J. López Feliciano, procede como mínimo que este Tribunal le provea una oportunidad a la Directora Administrativa de los Tribunales para que muestre causa por la cual no deba notificar los resultados de la Queja en cuestión a los jueces que la promovieron.
Nótese que, a diferencia de lo que intiman los votos particulares disidentes, el licenciado López Feliciano no está solicitando meramente que se le entregue un documento que recoja los resultados de una investigación disciplinaria. El peticionario sostiene que él tiene derecho a que se le notifiquen los resultados en conformidad con las Reglas de Disciplina Judicial, 4 LPRAAp. XV-B. Como sabemos, esa notificación tiene serias consecuencias en el ámbito de las Reglas de Disciplina Judicial e incide directamente con la transparencia que debe regir en los procedimientos de la Oficina de Administración de los Tribunales. Por eso, es-toy conforme con la determinación de una Mayoría del Tribunal.
Finalmente, en cuanto a los méritos de si el licenciado López Feliciano es una “parte promovente” de la Queja presentada en contra del juez Carlos I. Candelaria Rosa, y a diferencia de algunas expresiones disidentes, considero que no es apropiado adelantar criterio alguno en esta etapa hasta contar con la posición de la Directora Administrativa de los Tribunales.

 Véase E. Laureano, Noticel, Referido de Comisión de Derechos Civiles contra jueza cae en la dimensión desconocida de OAT, disponible en: http://www.noticel.com/ noticia/166437/referido-de-comision-de-dereehos- civiles-contra-jueza-cae-en-ladimension-desconocida-de-oat.html